# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JAMES ANDERSON, III,<br>    Plaintiff,<br><br>v.<br><br>SARAH DUFFY *as Circuit Court Judge McLean County*,<br>MICHELLE MOSBY-SCOTT,<br>MICHAEL NICHOLS,<br>McLEAN COUNTY CIRCUIT CLERKS OFFICE,<br>JOHN/JANE DOE COURT STAFF<br>    Defendants. | Case No. 1:25-cv-01485-JEH-RLH |

## Order

Now before the Court is the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 2), Motion to Request Counsel (D. 3), and Emergency Motion for Temporary Restraining Order (D. 4).[1] For the reasons set forth *infra*, the Court denies the Motion for Leave to Proceed *in forma pauperis* (D. 2) and dismisses the Complaint without prejudice. The Plaintiff is instructed to pay the filing fee in this case and shall have leave to amend the Complaint within twenty-one days of this Order. The Motion to Request Counsel (D. 3) and Emergency Motion for Temporary Restraining Order (D. 4) are denied as moot with leave to renew.

## I

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts."

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

### A

"Proceeding *in forma pauperis* is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). In this case, the Plaintiff has not demonstrated indigency. To the contrary, his Application states that he has $3,000 in checking or savings, a marital home valued at $240,000, and is seemingly owed an outstanding $86,000. (D. 2 at ECF p. 2). Because the Court finds the Plaintiff has the ability to pay the filing fee in this case, the Court denies the Motion for Leave to Proceed *in forma pauperis* (D. 2) and instructs the Plaintiff to pay the filing fee within twenty-one days. Given the Plaintiff's allegation of poverty appears to be untrue, that alone may be enough to warrant the dismissal of this case. *See Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d. 715, 717 (N.D. Ill. 2021) ("The statutory sanction for abusing the privilege is mandatory dismissal."); *see also* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."). However, "several courts have observed that the statutory criterion for dismissal—falsity of the plaintiff's 'allegation of poverty'—is ambiguous." *Id.* at 720. Therefore, the Court continues its analysis for purposes of screening the Complaint. *See Luevano*, 722 F.3d at 1022.

### B

Here, the Plaintiff is suing Sarah Duffy, Circuit Court Judge in McLean County, Michael Nichols, as "previous" attorney, Michelle Mosby-Scott, as

"respondent" attorney, the McLean County Clerks Office, and Jane/John Doe Court Staff. (D. 1 at ECF p. 1-3). As against Sarah Duffy, Plaintiff alleges "Color of Rights, Constitution Rights, Due Process To Stop Until DOJ Review is Completed." *Id.* at ECF p. 2. As against Michael Nichols, Plaintiff alleges "Fees Paid And Court Denies Damages." *Id.* As against Michelle Mosby-Scott, Plaintiff alleges "Marital Estate Directed Spouse Mental Disorder Splitting $400 for 20 min Phone Call + More." *Id.* at ECF p. 3. Plaintiff does not allege any additional specific facts against the McLean County Clerks Office or John/Jane Doe Court Staff other than "I have attached motions, affidavit with exhibits."[2] *Id.* at ECF p. 4-6. He further states that the Defendants caused the violation of various civil rights, financial ruin, and the loss of his twenty-year spouse. *Id.* at ECF p. 6.

Even construing the Plaintiff's Complaint liberally, as the Court must given his *pro se* status, the Plaintiff's allegations are frivolous. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Here, the Plaintiff's Complaint is filled with fanciful and delusional allegations that are clearly baseless because they lack an arguable basis in law or fact. *See Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007). Consistent with this determination, the Court is mindful of the fact that "[t]he protections built in the *in forma pauperis* system would be meaningless if persons were allowed to proceed *in forma pauperis* with complaints that do not supply sufficient facts from which a reasonable inference could be made that the

---

[2] The Court is obligated to screen the Complaint under 28 U.S.C. § 1915(e)(2)(A). Plaintiff cannot end-run this screening process by relying on other documents or attachments not included within the four corners of the Complaint and ask the Court to "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 759 (7th Cir. 1988).

rights of the petitioner were violated." *Smith-Bey v. Hosp. Adm'r.*, 841 F.2d 751, 759 (7th Cir. 1988).

## II

For the reasons set forth *supra*, the Court denies the Motion for Leave to Proceed *in forma pauperis* (D. 2) and dismisses the Complaint without prejudice. The Plaintiff is instructed to pay the filing fee in this case and shall have leave to amend the Complaint within twenty-one days of this Order. The Motion to Request Counsel (D. 3) and Emergency Motion for Temporary Restraining Order (D. 4) are denied as moot with leave to renew.

*It is so ordered.*

Entered on December 5, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE